4. Neither involuntary manslaughter nor accidental homicide having been put in issue by the evidence, or the evidence taken in connection with the defendant's statement, it was not error, in the absence of a timely written request, for the trial judge to fail to give in charge the law relative to involuntary manslaughter or accidental homicide.

5. The other assignments of error are without merit, and the evidence supports the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 28, 1919. REHEARING DENIED SEPTEMBER 18, 1919.

Conviction of involuntary manslaughter; from Lowndes superior court—Judge Thomas. October 26, 1918.

*Bennet & Harrell, Whitaker & Dukes,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

---

## 10285.   LEE *v.* THE STATE.

STEPHENS, J. The evidence, taken in connection with the defendant's statement, was sufficient to authorize the jury to find a verdict of voluntary manslaughter. The verdict, having been approved by the trial judge, will not be disturbed.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 23, 1919.

Conviction of manslaughter; from Baldwin superior court—Judge Park. December 3, 1918.

*Sibley & Sibley,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

---

## 10526.   CAMPBELL *v.* THE STATE.

BROYLES, P. J. The verdict was amply authorized by the evidence, and no ground of the motion for a new trial shows cause for a reversal of the judgment below.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED JULY 23, 1919.

Conviction of manslaughter; from Walton superior court—Judge Cobb. December 13, 1918.

*Rogers & Knox, Orrin Roberts,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.